UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| THOMAS MOORE, | ) |
| Plaintiff | ) ) ) |
| vs. | ) )  CAUSE NO. 3:04-CV-788 RM |
| BARBARA KASPER, *et al.*, | ) ) ) |
| Defendants | ) |

### OPINION AND ORDER

Thomas Moore, a prisoner confined at the Miami Correctional Facility ("MCF"), submitted a complaint under 42 U.S.C. § 1983 alleging that Indiana Department of Correction ("IDOC") and MCF officials violated his federally protected rights. The court must review the merits of a prisoner complaint seeking redress from a governmental entity or officer or employee of a governmental entity, and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. Courts apply the same standard under § 1915A as when addressing a motion under Fed. R. Civ. P. 12(b)(6) to dismiss a complaint. Weiss v. Colley, 230 F.3d 1027, 1029 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.
>
> In order to state a cause of action under 42 U.S.C.§ 1983, the Supreme Court requires only two elements:  First, the plaintiff must allege that some person has deprived him of a federal right.  Second, he must allege that the person who has deprived him of the right acted under color of state law.  These elements may be put forth in a short and plain statement of the claim showing that the pleader is

>   entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

Alvarado v. Litscher, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Mr. Moore brings this action under 42 U.S.C. § 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law. Bell v. City of Milwaukee, 746 F.2d 1205 (7th Cir. 1984). To state a claim under § 1983, a plaintiff must allege violation of rights secured by the Constitution and laws of the United States, and must show that a person acting under color of state law committed the alleged deprivation. West v. Atkins, 487 U.S. 42 (1988). The first inquiry in every § 1983 case is whether the plaintiff has been deprived of a right secured by the Constitution or laws of the United States. Baker v. McCollan, 443 U.S. 137, 140 (1979).

In Count I of his complaint, paragraphs 68, 69, and 71,[1] Mr. Moore alleges that defendants Barbara Kasper, Janet Tuley, Chris Johnson, Sally Stevenson, Steve Stanton, Robert Moore, Brenda Bowman, and Charles Lambert conspired to retaliate against him and took numerous actions against him in retaliation for exercising his First Amendment right to write letters and grievances complaining about conditions at the MCF and for assisting other inmates with legal matters. To establish a retaliation claim, Mr. Moore must establish first that he engaged in a constitutionally protected activity, and second that engaging in that activity was

---

[1] The complaint does not appear to contain a paragraph 72.

a substantial or motivating fact in the defendant's actions against him. <u>Mt. Healthy City School District v. Doyle</u>, 429 U.S. 274 (1977); <u>Brookings v. Kolb</u>, 990 F.2d 308, 315 (7th Cir. 1993).

Retaliation against a prisoner for filing a grievance or complaining about treatment by officials states a claim upon which relief can be granted. <u>Sprouse v. Babcock</u>, 870 F.2d 450 (8th Cir. 1989); <u>Dixon v. Brown</u>, 38 F.2d 379 (8th Cir. 1994). If the defendants establish that a legitimate reason existed for their actions and they would have taken the same actions regardless of whether the plaintiff engaged in the protected activity, then the plaintiff can prove retaliation only if he can show that the legitimate reason given for the allegedly retaliatory act is pretextual. <u>Mt. Healthy City School District v. Doyle</u>, 429 U.S. at 575. Giving Mr. Moore the benefit of the inferences to which he is entitled at the pleadings stage, the court cannot say that he can prove no set of set of facts consistent with the conspiracy and retaliation claims presented in paragraphs 68, 69, and 71 of his complaint.

In paragraph 70 of Count I of his complaint, Mr. Moore alleges that MCF Superintendent John VanNatta and Indiana Department of Correction official Linda VanNatta, violated his federally protected rights "by failing to investigate Kasper's conspiratorial and retaliatory acts and in denying Plaintiff's Grievance Appeal addressing such acts . . .." In paragraph 73, he makes similar claims against MCF Classification Supervisor Bruce Helming.

Mr. Moore does not allege that the VanNattas or Mr. Helming conspired with the other defendants or that they had any personal involvement in the actions that allegedly violated Mr. Moore's constitutional rights. Section 1983 creates a

3

cause of action for damages based on personal liability; a plaintiff must show the defendant's personal involvement or participation, or direct responsibility for the conditions of which he complains. Rascon v. Hardiman, 803 F.2d 269, 273 (7th Cir. 1986); Wolf-Lillie v. Sonquist, 699 F.2d 864, 869 (7th Cir. 1983). The doctrine of *respondeat superior*, under which a supervisor may be held liable for an employee's actions, has no application to § 1983 actions. Adams v. Pate, 445 F.2d 105, 107 (7th Cir. 1971). *See also* Hampton v. City of Chicago, 484 F.2d 602, 610 (7th Cir. 1973), *cert. denied*, 415 U.S. 917 (1974). The alleged failure of the VanNattas or Mr. Helming to conduct an independent investigation into the other defendants' activities and the VanNattas denial of relief on his grievance states no claim against them. The court will, however, retain Supt. VanNatta as a defendant in his official capacity for the purposes of injunctive relief.

In paragraphs 14, and 16 of Count II of his complaint, Mr. Moore alleges that he has a bachelor's degree and sought permission from MCF officials to enroll in a Masters Degree Program. He asserts that Education Supervisor Steve Stanton denied his request based on a policy established by IDOC Commissioner Evelyn Ridley-Turner that "prohibits inmates from working toward post-secondary degrees above the Bachelor degree level." (Complaint at p. 31). In Paragraph 15 of Count II, Mr. Moore alleges that Chris Johnson and Linda VanNatta "failed to investigate and correct Defendant Stanton's obvious constitutionally prohibited actions when they denied Plaintiff's . . . grievance appeals." (Compliant at p. 32).

The Constitution doesn't require prison officials to provide educational, rehabilitative, or vocational programs, Garza v. Miller, 688 F.2d 480 (7th Cir. 1982), but it is not as clear whether the State may preclude inmates from

4

participating in correspondence programs at their own expense. Accordingly, the court will allow Mr. Moore to proceed on his claim against defendants Stanton and Ridley-Turner. The court will, however, dismiss his claim that defendants Chris Johnson and Linda VanNatta failed to properly investigate his grievance.

For the foregoing reasons, the court:

(1) GRANTS the plaintiff leave to proceed against defendants Barbara Kasper, Janet Tuley, Chris Johnson, Sally Stevenson, Steve Stanton, Robert Moore, Brenda Bowman, and Charles Lambert in their individual capacity for damages and in their official capacities for declaratory relief, and against John VanNatta in his official capacity for injunctive relief on the claims presented in paragraphs 68, 69, and 71 of Count I of his complaint, and leave to proceed against defendants Evelyn Ridley-Turner and Steve Stanton in their individual capacities for damages and in their official capacities for declaratory and injunctive relief on the claims he presents in paragraphs 14 and 16 of Count II of his complaint;

(2) DISMISSES, pursuant to 28 U.S.C. § 1915A(b)(1), defendants Linda VanNatta and Bruce Helming, and DISMISSESS the claims contained in paragraphs 70 and 73 of Count I of the plaintiff's complaint and the claims contained in paragraph 15 of Count II of his complaint;

(3) Pursuant to 42 U.S.C. § 1997e(g)(2), ORDERS defendants Kasper, Tuley, Johnson, Stevenson, Stanton, Moore, Bowman, Lambert, VanNatta, and Ridley-Turner to respond to the complaint as provided for in the Federal Rules of Civil Procedure; and

(4) DIRECTS the marshals service to effect service of process on

Barbara Kasper, Janet Tuley, Chris Johnson, Sally Stevenson, Steve Stanton, Robert Moore, Brenda Bowman, Charles Lambert, John VanNatta, and Evelyn Ridley-Turner, and DIRECTS the clerk's office to ensure that a copy of this order is served on them along with the summons and complaint.

SO ORDERED.

ENTERED: April 21 , 2005

/s/ Robert L. Miller, Jr.
Chief Judge
United States District Court