UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| THOMAS MOORE, )<br>)<br>Plaintiff )<br>)<br>vs. )<br>)<br>BARBARA KASPER, *et al.,* )<br>)<br>Defendants ) | CAUSE NO. 3:04-CV-788 RM |

### OPINION AND ORDER

When Thomas Moore filed this action, he was a prisoner confined at the Miami Correctional Facility. The court granted Mr. Moore leave to proceed without full prepayment of fees and costs. Granting a prisoner's request to proceed *in forma pauperis* means that the inmate must pay the full filing fee, but may benefit from procedures whereby he will be permitted to pay the fee in installments from his prison trust account. 28 U.S.C. § 1915(b). Mr. Moore has not yet paid the full filing fee in this action.

Mr. Moore has now been released from custody and is no longer confined in any jail or penal facility. The Seventh Circuit has held that when a prisoner is released before paying the filing fee in full, he must pay any initial partial filing fee that is assessed, and any installment payments justified by the income to his prisoner trust account. Robbins v. Switzer, 104 F.3d 895, 897-898 (7th Cir. 1997). But after his release, Section 1915(b)(4) permits a former prisoner who has paid the initial partial filing fee assessed under Section 1915(b)(1) and any installment payments due under Section 1915(b)(2), to be excused from further payments on the filing fee if he is destitute. *Id.* at 898.

Mr. Moore has made all payments required under Section 1915(b)(1) and Section 1915(b)(2), and has filed a petition to proceed *in forma pauperis* as a nonprisoner. Review of Mr. Moore's petition establishes that he is has not been employed since his release from custody and that he has no assets. Accordingly, pursuant to 28 U.S.C. § 1915(b)(4), he is currently entitled to proceed without making further payments on the filing fee. "Unsuccessful litigants are liable for fees and costs and must pay when they are able." Robbins v. Switzer, 104 F.3d at 898. So, if Mr. Moore prevails in this case, or he is ultimately unsuccessful but his financial situation has improved, he may still be required to make further payments toward fees and costs.

For the foregoing reasons, the court GRANTS the plaintiff's motion for change of status (docket #26), GRANTS his motion to proceed *in forma pauperis* as a nonprisoner [docket #27], DISCHARGES the plaintiff from the requirement imposed by the order issued on January 21, 2005, that he make installment payments toward the filing fee, and DIRECTS the clerk's office to close the financial ledger for this case.

SO ORDERED.

ENTERED: June 9 , 2005

/s/ Robert L. Miller, Jr.
Chief Judge
United States District Court