UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| THOMAS MOORE, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| vs. ) | CAUSE NO. 3:04-CV-788 RM |
| ) | |
| BARBARA KASPER, *et al.,* ) | |
| ) | |
| Defendants ) | |

OPINION AND ORDER

While he was a prisoner confined at the Miami Correctional Facility ("MCF"), Thomas Moore submitted a complaint under 42 U.S.C. § 1983 alleging that Indiana Department of Correction ("IDOC") and MCF officials violated his federally protected rights. Mr. Moore has now been released from custody and is no longer confined at the MCF or any other IDOC facility.

The court reviewed the complaint pursuant to 28 U.S.C. § 1915A, and allowed Mr. Moore to proceed against several defendants in their individual capacities for damages and in their official capacities for declaratory and injunctive relief. After a complaint is filed, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the court to *sua sponte* dismiss a prisoner suit at any time if the court determines that it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Mr. Moore seeks injunctive and declaratory relief as well as damages. If a prisoner is released from custody, his request for injunctive relief against prison officials is moot. O'Shea v. Littleton, 414 U.S. 488, 495 (1974); Martin v. Davies, 917 F.2d 336, 339 (7th Cir. 1990), *cert denied* 501 U.S. 1208 (1991). A prisoner's

release from custody also renders his claims for declaratory relief moot. Higgason v. Farley, 83 F.3d 807, 811 (7th Cir. 1996). (applying the capable-of-repetition doctrine without discrimination between claims for declaratory relief and claims for injunctive relief).

For the foregoing reasons, the court DISMISSES the plaintiff's injunctive and declaratory relief claims pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Because the court granted leave to the plaintiff to proceed against John VanNatta only in his official capacity, the court DISMISSES defendant John VanNatta. This case remains before the court on the plaintiff's individual capacity damage claims against defendants Barbara Kasper, Janet Tuley, Chris Johnson, Sally Stevenson, Steve Stanton, Robert Moore, Brenda Bowman, Charles Lambert, and Evelyn Ridley-Turner.

SO ORDERED.

ENTERED: June 20 , 2005

/s/ Robert L. Miller, Jr.
Chief Judge
United States District Court