UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| THOMAS MOORE, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 3:04-CV-788 RM |
| | ) | |
| DR. BARBARA KASPER, *et al.*, | ) | |
| | ) | |
| Defendants | ) | |

<u>OPINION AND ORDER</u>

Thomas Moore submitted a complaint under 42 U.S.C. § 1983, alleging violation of his federally protected rights while he was confined at the Miami Correctional Facility ("MCF"). The court screened the complaint pursuant to 28 U.S.C. § 1915A, dismissed some claims and defendants, and allowed him to proceed against defendants Barbara Kasper, Janet Tuley, Chris Johnson, Sally Stevenson, Steve Stanton, Robert Moore, Brenda Bowman, Charles Lambert, and John VanNatta on the retaliation claim presented in Count I of his complaint, and against defendants Evelyn Ridley-Turner and Steve Stanton on the claims he presents in Count II of his complaint. The defendants substituted J. David Donahue for Ms. Ridley-Turner when he replaced her as Indiana Department of Correction ("IDOC") Commissioner. When Mr. Moore was released from prison, the court dismissed his request for declaratory and injunctive relief pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), leaving only his damage claims, and also dismissed defendant VanNatta.

The defendants move for summary judgment, pursuant to Fed. R. Civ. P. 56; Mr. Moore has responded. For the reasons that follow, the court grants the defendants' summary judgment motion in part and denies it in part.

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Although the moving party must initially identify the basis for its contention that no genuine issue of material fact exists, the nonmoving party cannot rest on his

pleadings, but must produce his own evidence. <u>Hughes  v. Joliet Correctional Ctr.</u>, 931 F.2d 425, 428 (7th Cir. 1991). Rule 56(e) requires that the nonmoving party who bears the burden of proof on an issue for trial allege specific facts showing that there is a genuine issue for trial by his own affidavits or by the depositions, answers to interrogatories, and admissions on file. <u>Celotex Corp.</u>, 477 U.S. at 324.

. . . In considering whether any genuine issues of material fact exist, we view the record and extract all reasonable inferences from the evidence in the light most favorable to the nonmoving party. However, the nonmoving party "must do more than simply show that there exists some metaphysical doubt as to the material facts." <u>Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio *Corp.*</u>, 475 U.S. 574, 586 (1986). Only disputes that could affect the outcome of the suit under governing law will properly preclude the entry of summary judgment.

<u>McGinn v. Burlington Northern R.R. Co.</u>, 102 F.3d 295, 298 (7th Cir. 1996).

In support of their summary judgment motion, the defendants submit the declarations of defendants Kasper and Stevenson, the declaration of IDOC Education Director John McNally, a notice to library workers, and Operational Procedure 00-01-102. In response, Mr. Moore submitted his own affidavit, the affidavits of several inmates, and  his offender evaluation reports.

In Count I of his complaint, Mr. Moore states that he filed more than 50 grievances regarding conditions at the MCF, that he filed notices of tort claim and civil complaints against MCF officials, and that he helped other inmates to file grievances, tort claims, and complaints. He alleges that defendants Kasper, Tuley, Johnson, Stevenson, Stanton, Moore, Bowman, and Lambert retaliated against him for exercising these First Amendment rights by removing him from his job at the law library, destroying personal property that he had boxed to remove from the library, and banning him from even coming to the law library to work on his own cases.

To prevail on his retaliation claim, Mr. Moore must prove that he engaged in a Constitutionally protected activity and that engaging in that activity was a substantial or motivating fact in the defendants' actions against him. <u>Mt. Healthy City School District v. Doyle</u>, 429 U.S. 274 (1977); <u>Brookings v. Kolb</u>, 990 F.2d 308, 315 (7th Cir. 1993). If the defendants prove that a legitimate reason existed for their actions and they would have taken the same actions regardless of whether the plaintiff engaged in the protected activity, then the plaintiff can prove retaliation only

if he can show that the legitimate reason given for the allegedly retaliatory act is pretextual. Mt Healthy City School District v. Doyle, 429 U.S. at 575.

According to defendant Kasper's declaration, on February 11, 2004, MCF officials issued a notice to law library workers that they were not to store personal items in the law library. Two days later, defendants Johnson and Kasper met with the law library clerks and told them that, pursuant to IDOC policy and procedure #00-01-102, they were no longer to provide legal assistance to other inmates except for directing them to legal research materials, providing forms, and making copies. They also ordered the law clerks to remove their personal property from the law library. The next day, when cleaning the law library before an inspection by the American Correctional Association, defendant Kasper says she found that Mr. Moore had ten boxes of personal items stored in the law library, which were occupying bookcases and preventing library books and reference materials from being properly stored.

On February 16, Ms. Kasper wrote an evaluation report suggesting that Mr. Moore be removed from the law library because she believed that he had disobeyed the order to remove his personal property from the law library. On February 26, the defendants removed Mr. Moore from his position as a law library clerk. Defendants Kasper and Stevenson deny in their declarations that they acted against Mr. Moore because he filed grievances and complaints regarding conditions at the MCF, or that they banned him from coming to the law library to work on his own cases.

The affidavits submitted by Mr. Moore paint a different picture of the facts. In his affidavit, he admits that he kept personal legal research books and materials in the law library so that he and others could use them for legal research. He concedes that Ms. Kasper ordered him to remove his personal materials from the law library at the meeting she discusses in her declaration. Mr. Moore states that the next morning he packed his legal research materials into boxes to be sent out of the institution. When he returned from lunch, however, officials told him he was barred from the law library, and then confiscated and destroyed the property he had packed. When he asked defendant Tully why they confiscated his materials, Officer Tulley said "that I shouldn't have filed all those

grievances and law suits" (Moore affidavit at p. 2); he states that defendant Stanton told him "(f)iling those grievances against me didn't help your cause." (Moore affidavit at p. 4). Other inmates' affidavits support Mr. Moore's version of events and some affidavits recite statements by various officials that suggest Mr. Moore was removed from the library because he filed lawsuits and grievances. One of the inmates states that after Mr. Moore was fired from his job, defendant Kasper ordered him to remove Mr. Moore's name from lists of inmates who were scheduled to come to the law library to work on their own cases.

To prevail on his retaliation claim, Mr. Moore must prove that he engaged in a constitutionally protected activity and that engaging in that activity was a substantial or motivating factor in the defendants' actions against him. Brookings v. Kolb, 990 F.2d 308 at 315. Mr. Moore asserts that the defendants retaliated against him for exercising his First Amendment right to file grievances and complaints on his own behalf, and for assisting other inmates in filing institutional grievances and complaints.

The defendants note that the Constitution does not guarantee a prisoner the right to assist other inmates with legal matters. Shaw v. Murphy, 532 U.S. 223 (2001) (inmates do not have a special right under the First Amendment to provide legal assistance to other inmates). Because he has no Constitutionally protected right to assist other inmates with their legal work, Mr. Moore states no retaliation claim for assisting other inmates.

Mr. Moore also asserts that the defendants retaliated against him for filing his own grievances and complaints against prison officials. The First Amendment right to petition for redress of grievances includes redress under established prison grievance procedures as well as filing complaints in court. Retaliation for filing a grievance or complaining about treatment by officials strikes at the heart of an inmate's constitutional right to seek redress of grievances. Sprouse v. Babcock, 870 F.2d 450 (8th Cir. 1989); Dixon v. Brown, 38 F.2d 379 (8th Cir. 1994). "It is well established that an act in retaliation for the exercise of a constitutionally protected right is actionable

under Section 1983 even if the act, when taken for different reasons, would have been proper." <u>Buise v. Hudkins</u>, 584 F.2d 223, 229 (1978), *cert denied*, 440 U.S. 916 (1979). The principles set forth in <u>Buise</u> apply to allegations that staff members retaliated against inmates for filing grievances. <u>Burton v. Kuchel</u>, 865 F.Supp. 456, 467 (N.D. Ill. 1994) (defendants' actions were motivated in part by "a desire for retaliation against Plaintiff for Plaintiff's filing of a grievance against Kuchel and complaining to prison officials about Kuchel's wrongful conduct."); <u>Geder v. Godinez</u>, 875 F.Supp. 1334, 1338 (N.D. Ill. 1995) (officer retaliated against an inmate by issuing him "a false disciplinary ticket in retaliation for the exercise of his constitutionally guaranteed right to submit written grievances about Stateville's living conditions"). In <u>Geder</u>, the court concluded that prisoners:

> have a protected First Amendment right to submit written and oral complaints about prison conditions, and where there is evidence of retaliation against constitutionally protected speech, the protection of prisoners' due process rights does not shield prison employees from a Section 1983 claim . . .  To state a claim for retaliatory treatment, a complaint need only allege a chronology of events from which retaliation may be inferred.  In this case, Mr. Geder insists that Lt. Manning issued him a false disciplinary ticket solely because Mr. Geder filed grievances which implicated Lt. Manning's co-workers.

<u>Geder v. Godinez</u>, 875 F.Supp at 1338 (citations omitted).

Mr. Moore states a chronology of events from which a factfinder might infer retaliation by the defendants for filing lawsuits and grievances against them. Accordingly, the burden shifts to the defendants to establish a legitimate non-pretextual reason for their actions.

The defendants assert that they removed Mr. Moore from his law library job because he ignored Ms. Kasper's order to remove his personal property from the library. But according to Mr. Moore's submissions, he packed his personal property the morning after she told him to remove it. He went to lunch at noon, and when he came back the defendants claimed that the boxes he was packing to remove from the library "were occupying the bookcases within the law library and prevented the reference materials and other books from being properly shelved." (Kasper affidavit

at p. 3). The defendants' declarations deny prohibiting him from visiting the law library but do not address the destruction of his property.

In considering whether any genuine issues of material fact exist, the court must "view the record and extract all reasonable inferences from the evidence in the light most favorable to the nonmoving party." McGinn v. Burlington Northern R.R. Co., 102 F.3d at 298. According to Mr. Moore's submissions, when defendants Kasper told him to remove his property from the law library he complied by boxing his property so it could be moved. Then the defendants sanctioned him for doing what defendant Kasper had ordered him to do by firing him from his job and destroying his property. When he complained, he states, without contradiction from the defendants, that some of the defendants told him that he shouldn't have filed all those grievances and law suits. Accepting Mr. Moore's version of events as true, the court cannot say that a reasonable factfinder could not conclude that the reason the defendants give for their actions was pretextual and that retaliation was a substantial motivating fact in the defendants' actions against him. Accordingly, the defendants are not entitled to summary judgment on the claim that they retaliated against Mr. Moore because he filed grievances and lawsuits against them.

In Count II of his complaint, Mr. Moore alleges that he has a bachelor's degree and sought permission from MCF officials to enroll in a Masters Degree Program. He asserts that Education Supervisor Steve Stanton denied his request based on an IDOC policy that "prohibits inmates from working toward post-secondary degrees above the Bachelor degree level." (Complaint at p. 31). The defendants' submissions establish that the IDOC policy allows prisoners to obtain college degrees, but does not permit them to pursue post-graduate degrees because of financial considerations.

"When a prison regulation impinges on inmate's constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." Turner v. Safley, 482 U.S. 78, 79 (1987). Security and economic concerns are legitimate penological demands. Al-Alamin v. Gramley, 926 F.2d 680, 686 (7th Cir. 1991). "Several factors are to be considered when evaluating the

reasonableness of a prison regulation: (1) whether there is a valid, rational connection between the regulation and the asserted governmental interest; (2) whether alternative means for exercising the right remain open to the prisoner; (3) the impact of the regulation on prison staff, other inmates, and the allocation of prison resources; and the availability of ready alternatives to the regulation." Hamilton v. Schriro, 74 F.3d at 1550.

The defendants assert that they do not permit prisoners to enroll in post-graduate education programs because of cost. The bachelor's degree programs are mainly conducted within the facilities and the universities provide all necessary research and reference material for the inmates. But the facility libraries do not have the materials an inmate would need to complete post-graduate programs.   The defendants' submissions establish that even though prisoners might pay their own academic fees to the university, allowing them to pursue a post-graduate degree would cost the state money because it would have to acquire the necessary research and reference materials for the facility library. The Constitution doesn't require prison officials to provide educational, rehabilitative, or vocational programs, Garza v. Miller, 688 F.2d 480 (7th Cir. 1982), and the IDOC's regulation against inmates enrolling in post-graduate programs is reasonably related to legitimate penological interests

For the foregoing reasons, the court GRANTS the defendants' motion for summary judgment (Docket No. 54) in part and DENIES it in part. The court:

(1) GRANTS the defendants summary judgment on Count II of the plaintiff's complaint, in which he asserts that they prevented him from pursuing a post-graduate degree, and DISMISSES defendant J. David Donahue;

(2) DENIES the defendants summary judgment on Count I of the plaintiff's complaint, in which he alleges that the defendants retaliated against him for engaging in the Constitutionally protected activities of filing grievances, notices of tort claim, and civil complaints against them on his own behalf.

7

SO ORDERED.

ENTERED:    March 2, 2007

                        /s/ Robert L. Miller, Jr.
                Chief Judge, United States District Court
                Northern District of Indiana